# Bullock's Estate.

*Appeals—Findings of fact by Orphans' Court—Parent and child —Proof of parentage—Review.*

A finding by the Orphans' Court that a claimant to a share in a decedent's estate was a son of the decedent, will not be reversed by the appellate court where such finding is based upon sufficient testimony, and there is no manifest error.

Argued Nov. 23, 1915. Appeals, Nos. 272-3, Oct. T., 1915, by Susan B. Mitchell and Martha B. Poulterer, from decree of O. C. Philadelphia Co., April T., 1912, No. 82, dismissing exceptions to adjudication in Estate of Charles Avery Bullock, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*George W. Harkins, Jr.,* with him *Regnault Johnson,* for appellant.

*Morris Dos Passos,* for appellee.

OPINION BY TREXLER, J., March 1, 1916:

The question presented on this appeal is, whether the claimant William J. Bullock proved that he was a son of Charles Avery Bullock. If the conclusion of the auditing judge sustained by the court in banc is founded upon sufficient testimony, we should not set it aside. A short summary of the testimony, we think shows that the auditing judge was warranted in coming to the conclusion that the claimant had established his sonship to the decedent. There was testimony by the appellants that Charles Avery Bullock led a roving and wayward life, and that neither of them had seen or heard from him for many years, and did not know whether he was married or single, or whether he had a child. William J. Bullock, the claimant, produced a record of St. Peters Catholic Church of the City of Philadelphia, showing as he claimed his baptism; his father's name was given as Charles Avery Bullock, and his mother's name

as Mary Jane Gallagher. There was offered in evidence the record of a deed signed by Charles A. Bullock and Mary G., his wife, for certain premises in the City of Philadelphia. These premises were identified as the same premises in which the sisters of the appellant had an interest, and the deed was evidence that Charles A. Bullock, mentioned in said deed was the decedent and that his wife's name was Mary G. Witnesses called for the claimant testified that they knew Mary Gallagher, the mother of the claimant, and that she married Charles A. Bullock, and that they had a child by the name of William, and those who knew William in his infancy and early youth, testified that the claimant was the same person whom, as a child, they knew years ago. Identity of name is ordinarily, but not always prima facie evidence of personal identity. Identity of name is something from which an inference may be drawn unless the name were a very common one, or the transaction remote. Sitler v. Gehr, 105 Pa. 577 (602).

The appellant raises the question that the record of proceedings before the examiner to establish the presumption of death of Charles Avery Bullock was not admissible at the audit of the administrator's account.

We have carefully examined the record. The court did not rule upon the matter, and we are convinced that it did not rely upon that testimony at all in coming to its decision.

The assignments of error are overruled. The order of the Orphans' Court is affirmed.